# *1IN THE SUPREME COURT, STATE OF WYOMING*

## 2021 WY 53

*April Term, A.D. 2021*

*April 21, 2021*

DAVID JAY LUNDELL,

Appellant
(Defendant),

v.                                                                                          S-20-0277

THE STATE OF WYOMING,

Appellee
(Plaintiff).

## ORDER AFFIRMING THE DISTRICT COURT'S "SENTENCE ON PROBATION REVOCATION"

[¶ 1]   **This matter** came before the Court upon its own motion following notification that Appellant has not filed a *pro se* brief within the time allotted by this Court. Appellant filed this appeal to challenge the district court's November 6, 2020, "Sentence on Probation Revocation," which was entered in two district court dockets. Appellant admitted he violated his probation. The district revoked probation and imposed the underlying four to five-year concurrent sentences on Appellant's convictions for possession of methamphetamine. Wyo. Stat. Ann. § 35-7-1031(c)(i).

[¶ 2]   On February 9, 2021, Appellant's court-appointed appellate counsel filed a "Motion to Withdraw as Counsel," pursuant to *Anders v. California*, 386 U.S. 738, 744, 87 S.Ct. 1396, 1400, 18 L.Ed.2d 493 (1967). This Court subsequently entered an "Order Granting Motion for Extension of Time to File *Pro Se* Brief," which provided that Appellant "may file with this Court a *pro se* brief specifying the issues he would like the Court to consider in this appeal." This Court also provided notice that, after the time for filing a *pro se* brief expired, this Court would "make its ruling on counsel's motion to withdraw and, if appropriate, make a final decision" on this appeal. Appellant's *pro se* brief was due for filing on or before March 26, 2021. Appellant did not file a *pro se* brief or other pleading in the time allotted.

[¶ 3]   Now, following a careful review of the record and the "*Anders* brief" submitted by appellate counsel, this Court finds that appellate counsel's motion to withdraw should be granted and the district court's "Sentence on Probation Revocation" should be affirmed, subject to correction for credit for time served, as explained below.

[¶ 4]   The October 2, 2017, "Split-Sentence and Probation Order" states Appellant is entitled to <u>pre-sentence</u> confinement credit of 162 days against the first sentence and 96 days against the second.  That order also addressed the six days Appellant would serve in jail between sentencing and his inpatient bed date.  The order states Appellant "shall receive credit against the split-sentence in the amount of one-hundred sixty-eight (168) days in Criminal Case No. 7858 and one hundred two (102) days in Criminal Case No. 8010."  At the probation revocation dispositional hearing, the district court found Appellant was entitled to an additional 32 days.  However, the judge did not rely on the larger numbers noted above.  The judge stated: "Okay.  So what we're looking at then is 29 plus 3 for the sanction, that's 32.  And at least in the second court file that's added to the 96; and in the first court file it will be added to the 162; is that a fair statement?"  (10/29/20 Trans. p. 14)  In the subsequent "Sentence on Probation Revocation," Appellant is awarded credit of 194 days against the first sentence and 118 days against the second.  This Court notes the 118 day number should be 128, not 118.  More importantly, unless this Court is missing something, it appears the district court did not include credit for the six days Appellant served between the initial sentencing and his bed date for inpatient treatment.  Thus, it appears to this Court that Appellant should receive credit for 200 days against the first sentence and 134 days against his second sentence.  It is, therefore

[¶ 5]   **ORDERED** that the Wyoming Public Defender's Office, court-appointed counsel for Appellant David Jay Lundell, is hereby permitted to withdraw as counsel of record for Appellant; and it is further

[¶ 6]   **ORDERED** that the Campbell County District Court's November 6, 2020, "Sentence on Probation Revocation," be, and the same hereby is, affirmed, except as follows.  This matter is remanded to district court for reconsideration (and correction, if appropriate) of the award of credit for time served.

[¶ 7]   **DATED** this 21st day of April, 2021.

BY THE COURT:

/s/

**MICHAEL K. DAVIS**
**Chief Justice**